# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:93-CR-109-JRN-2 |
| | § | |
| MICHAEL HOUSTON ROBERSON | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
     UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision recommending that the Court revoke Defendant's term of supervised release (the "Petition") (Dkt. 187). The undersigned Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## Procedural Background

Defendant was found guilty by a jury verdict returned February 8, 1994, of conspiracy to possess with intent to distribute cocaine base, in violation 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Dkt. 93. On April 28, 1994, Defendant was sentenced to life imprisonment on each count, with the sentences to run concurrently. *Id.* On June 3, 2021, the District Court granted Defendant's motion to reduce his term of imprisonment under Section 404 of the First Step Act of 2018 and entered an amended judgment sentencing Defendant to a total term of imprisonment of 360

months, to be followed by six years of supervised release. Dkts. 184, 185. Defendant's supervision began the same day.

In the Petition, filed October 14, 2022, the Probation Officer alleges that Defendant violated the following conditions of supervised release:

> **Mandatory Condition #1:** The defendant shall not commit another federal, state, or local crime during the term of supervision.
>
> **Mandatory Condition #2:** The defendant shall not unlawfully possess a controlled substance.

**Nature of Noncompliance:** On July 14, 2022, Defendant was arrested by the Lufkin, Texas Police Department in possession of approximately 0.68 grams of methamphetamine and 1.51 grams of Ecstasy and charged with Possession of a Controlled Substance (State Jail Felony) and Possession of a Controlled Substance (3rd Degree Felony).

> **Violation of Standard Condition #2:** After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

**Nature of Noncompliance:** Defendant failed to submit monthly supervision reports for the months of April, May, June, July, and August 2022, and did not respond to the probation officer's attempts to contact him in June 2022.

> **Violation of Standard Condition #3:** The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

**Nature of Noncompliance:** On July 14, 2022, Roberson traveled without permission outside of the Southern District of Texas, where he was being supervised, and arrested in Lufkin, Texas.

> **Violation of Standard Condition #4:** The defendant shall answer truthfully the questions asked by the probation officer.

**Nature of Noncompliance:** On September 6, 2022, Defendant reported to the probation office as instructed. After first denying any contact with law enforcement, Defendant admitted that he had been stopped by Lufkin police and issued a citation for not having automotive insurance, but denied being arrested.

> **Violation of Standard Condition #5:** The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance:** Defendant gave a Lufkin address when arrested on July 14, 2022. On September 6, 2022, Defendant reported that he had been staying at various hotels and occasionally with family and friends in the Houston, Texas area. Defendant failed to notify the probation officer of any changes to his residence.

> **Violation of Standard Condition #7:** The defendant shall work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance:** On September 6, 2022, Defendant told the probation officer that he had been unemployed for several months, but previously failed to report any change to his employment status.

> **Violation of Standard Condition #9:** If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

**Nature of Noncompliance:** Defendant failed to report his arrest by Lufkin police officers on July 14, 2022, for possession of a controlled substance, within 72 hours.

Defendant waived a preliminary hearing. Dkt. 200. On December 20, 2022, pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge.

The Court granted the Government's oral motion and **DISMISSED without prejudice** Defendant's alleged violations of Mandatory Condition No. 1 and Mandatory Condition No. 2. Defendant pled "True" to all other violations alleged in the Petition.

## Findings of the Court

1. Defendant violated the conditions of his supervised release by his conduct as alleged in the Petition.
2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.
3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.
4. Defendant had both a factual and rational understanding of the proceedings against him.
5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.
6. Defendant was sane and mentally competent at the time of these proceedings.
7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.
8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.
9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of the conditions of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Standard Conditions No. 2, 3, 4, 5, 7, and 9 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

### Factors Considered

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), that is:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);
b. the history and characteristics of Defendant, (a)(1);
c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
d. the need to protect the public, (a)(2)(C);
e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
h. the need to provide restitution to any victims of the offense, (a)(7).

### Recommendations

The undersigned has carefully considered all of the arguments of counsel and the evidence presented by the parties and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade C and his criminal history category is II, resulting in an (advisory) guideline range of 4 to 10 months of imprisonment.

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

In this case, the undersigned Magistrate Judge finds most compelling the history and characteristics of Defendant, including his lengthy period of incarceration; that he was initially successful on supervised release; and the need to provide Defendant with training and correctional treatment through a period of residency in a halfway house to complete his supervised release in the most effective manner.

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's term of supervised release be **CONTINUED and MODIFIED** to add the following special conditions, in addition to the mandatory and standard conditions imposed by the Court:

1. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

2. The defendant shall not use or possess alcohol

3. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner

4. The defendant shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

5. The defendant shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer

6. The defendant shall reside in a residential reentry center for a term of up to **180** days. The defendant shall follow the rules and regulations of the center.

7. The defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

## Warnings

Having been orally advised of these Findings and Recommendations, the parties have waived their right pursuant to 28 U.S.C. § 636(b)(1)(C) to object to this Report and Recommendation within 14 days. Dkt. 205. The matter is ripe so that the District Court may act on this Report and Recommendation immediately.

**SIGNED** on December 20, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE